*PBT*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO  19-4514 |
| v. | ) ) | |
| SIKORSKY AIRCRAFT CORPORATION, d/b/a SIKORSKY GLOBAL HELICOPTERS | ) ) ) | COMPLAINT JURY TRIAL DEMANDED |
| Defendant. | ) | |

### NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to former employee Demisha Gayton ("Gayton"), formerly known as Demisha Wallace, to former employee Jaime Williams ("Williams"), and to other similarly situated black employees who were adversely affected by such practices. As alleged with greater specificity below, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant Sikorsky Aircraft Corporation d/b/a Sikorsky Global Helicopters ("Defendant") engaged in race discrimination against Gayton, Williams, and a class of similarly situated black employees by subjecting them to racially hostile work environment. The Commission alleges that Defendant engaged in additional discrimination against Gayton by failing to hire her as a permanent employee on account of her race and in retaliation for her protected activities of reporting harassment and opposing discriminatory employment practices.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4.      At all relevant times, Defendant has continuously been a Delaware corporation, headquartered in Stratford, Connecticut, doing business in the Commonwealth of Pennsylvania and Chester County, Pennsylvania, and has continuously had at least fifteen (15) employees.

5      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Gayton filed a charge with the Commission alleging violations of Title VII by Defendant.

7      On June 12, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII by subjecting Gayton and a

class of similarly situated black employees to a hostile work environment on account of their race and by failing to hire Gayton on account of her race and in retaliation for engaging in protected activities. The letter also invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination

9.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     On February 22, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## **FACTS**

### Defendant's Status as Employer of Permanent and Temporary Employees

12.     Defendant manufactures helicopters for commercial and military use, and operates a manufacturing facility in Coatesville, Chester County, Pennsylvania (the "Coatesville Facility")

13.     Within the Coatesville Facility, Defendant has a department that prepares and paints the helicopters it manufactures (the "Prep and Paint Department").

14.     At all relevant times, the Prep and Paint Department was staffed by both Defendant's permanent employees as well as by temporary employees brought in through staffing agencies (together, "employees").

15.     Defendant determined which temporary employees were assigned to work in the Prep and Paint Department.

3

16.     Defendant determined whether to discipline and/or terminate temporary employees working in the Prep and Paint Department.

17.     Defendant assigned the hours and shifts the temporary employees worked in the Prep and Paint Department.

18.     Defendant controlled the day-to-day supervision of temporary employees in the Prep and Paint Department.

<u>Statement of Claims</u>

<u>Hostile Work Environment as to Gayton</u>

19.     Beginning shortly after Defendant hired Gayton on January 16, 2013 as a temporary employee and continuing throughout her employment as an aircraft painter, Defendant subjected Gayton to a racially hostile work environment because of her race, black, including, but not limited to the following:

a.   Shawn Boyer ("Boyer"), the day shift supervisor of Defendant's Prep and Paint Department, was Gayton's supervisor, and had the authority to hire, fire, and discipline temporary employees, as well as receive and address complaints of workplace harassment and other forms of discrimination.

b.   Throughout Gayton's employment in the Prep and Paint Department, employees routinely made racially-based derogatory remarks including, but not limited to, "nigger," and/or engaged in racially-based derogatory behavior.

c.   In February 2014, Gayton's coworker, in her presence, remarked that comedian Eddie Murphy's personal aircraft tail number was "NI66ER." Gayton reported the racist joke to Boyer, and neither he nor Defendant's Human Resources Department took action against the employee who made the remark.

4

     d.    Another coworker returning late from lunch, in Gayton's presence, and in front of other workers returning late, remarked that they were operating on CPT, a reference to "colored people time "

     e.    On another occasion, Boyer referred to Gayton, in her presence, as "these damn niggers from Georgia."

     f.    Gayton learned that her coworkers had painted swastikas on the fuselage of a helicopter.

     g.    Another coworker confronted Gayton about the station she was listening to on her personal radio, which at the time was playing the Temptations, remarking, that he was tired of listening to "you people." He changed her station and confirmed to her that "you people" meant black people and he was "sick of it."

     h.    Gayton complained to Boyer about this incident, who took no action.

<u>Hostile Work Environment as to Williams</u>

20.    Beginning shortly after Defendant hired Williams in 2013 as a temporary employee, Defendant subjected Williams to a racially hostile work environment, including, but not limited to the following:

     a.    Boyer, the day shift supervisor of Defendant's Prep and Paint Department was Williams' supervisor, and had the authority to hire, fire, and discipline temporary employees, as well as receive and address complaints of workplace harassment and other forms of discrimination

     b.    In Williams' presence, employees routinely made racially-based derogatory remarks including, but not limited to, "nigger," and/or engaged in racially-based derogatory behavior. When he objected to these remarks, his coworkers told him to stop being soft.

5

c.   In Williams' presence, Boyer referred to Gayton as "these damn niggers from Georgia." Williams objected, and Boyer shrugged in response.

d.   On another occasions, Boyer shared with Williams an email circulated among the employees that depicted a donkey with a white woman's face on the head and a black man's face coming out of the donkey's hindquarters. The white woman's face was that of a high-level manager and the black man's face was that of an employee.

e.   In Williams' presence, a white coworker displayed a picture of monkeys, causing other white employees on the shop floor to mimic monkeys and taunt the black employees. Upon his coworkers' discovery that Williams was going to be a father, they referred to the expected child as "nigger baby" and "monkey baby."

f.   Williams complained to Boyer and his supervisor counterpart on the evening shift about many of the occurrences of racial harassment and derogatory language and they took no action to address the harassment.

<u>Hostile Work Environment as to Class of Black Employees</u>

21.   In addition to the racial harassment Gayton and Williams suffered, Defendant subjected similarly situated black employees to racial harassment as follows:

a.   White employees in the Prep and Paint Department routinely used the term "nigger," and "monkey" in reference to black employees, saying "all black people are lazy" and "all niggers need to be over there," and mimicking monkeys to taunt black employees.

b.  Black employees complained about these occurrences to Boyer, Defendant's Human Resource Department, and/or other upper level management

c.  Despite these repeated complaints, Defendant did not address the racially-hostile work environment in the Prep and Paint Department.

<u>Unlawful Refusal to Hire Gayton As A Permanent Employee</u>

22.  Shortly after Gayton complained to Boyer about the NI66ER incident, she discovered that Boyer rejected her applications to become a permanent employee as an aircraft painter, which would have offered greater compensation, benefits, and job security.

23.  Instead of interviewing her for a permanent position, Boyer invited a less senior, less qualified white temporary employee, who had been trained by Gayton, to apply. Boyer selected the white employee for the permanent position.

24.  Throughout Gayton's employment, she performed her job in accordance with Defendant's expectations and had no performance problems or disciplinary issues.

## COUNT I
## Race Discrimination (Hostile Work Environment)

25.  The Commission hereby incorporates by reference the allegations contained in paragraphs 12 through 24 as if fully set forth herein.

26.  Since at least January 2013, Defendant has engaged in unlawful employment practices in its Prep and Paint Department in violation of Section 703(a)(l) of Title VII, 42 U.S.C. § 2000e-2(a)(l) by engaging in race discrimination against Gayton, Williams, and a class of similarly situated black employees, by subjecting them to a racially hostile work environment, because of their race (black).

27.     Defendant took no preventative or corrective measures to eliminate the racial harassment, despite it being aware through its own racially charged behavior, observation, and complaints that the harassment was ongoing.

28.     The unlawful employment practices complained of above were intentional.

29.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Gayton, Williams, and a class of similarly situated black employees.

## COUNT II
### Race Discrimination (Failure to Hire Gayton as a Permanent Employee)

30.     The Commission hereby incorporates by reference the allegations contained in paragraphs 12 through 24 as if fully set forth herein.

31.     Defendant engaged in an unlawful employment practice in its Prep and Paint Department in violation of Section 703(a)(l) of Title VII, 42 U.S.C. § 2000e-2(a)(l) by failing to hire Gayton as a permanent employee on account of her race, black.

32.     The unlawful employment practice complained of above was intentional.

33.     The unlawful employment practice complained of above was done with malice or with reckless indifference to the federally protected rights of Gayton.

## COUNT III
### Retaliation (Failure to Hire Gayton as a Permanent Employee)

34.     The Commission hereby incorporates by reference the allegations contained in paragraphs 12 through 24 as if fully set forth herein.

35.     Defendant engaged in an unlawful employment practice in its Prep and Paint Department in violation of Section 704(a) of Title VII, 42 U S C. § 2000e-3(a) by failing to hire

Gayton as a permanent employee on account of her engaging in protected activity under Title VII, including, but not limited to, complaining to Boyer about the NI66ER incident.

36.     The unlawful employment practice complained of above was intentional.

37.     The unlawful employment practice complained of above was done with malice or with reckless indifference to the federally protected rights of Gayton.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court.

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, attorneys, and all persons in active concert or participation with it, from maintaining a racially-hostile work environment.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for black employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Gayton, Williams, and a class of similarly situated black employees, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, as well as compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, which were reasonably incurred as a result of Defendant's conduct, in amounts to be determined at trial.

D.     Order Defendant to make whole Gayton, Williams, and a class of similarly situated black employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above including, but not limited to, emotional pain, suffering, loss of enjoyment of life, humiliation, loss of self-esteem, mental anguish, embarrassment, and degradation, in amounts to be determined at trial.

E.      Order Defendant to pay Gayton, Williams, and a class of similarly situated black employees punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

G      Award the Commission its costs of this action

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

/s/ Maria Luisa Morocco
MARIA LUISA MOROCCO
Supervisory Trial Attorney

/s/ Joshua E. Zugerman
JOSHUA E. ZUGERMAN
Trial Attorney
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
Phone: (267) 589-9763
Fax: (215) 440-2848
joshua.zugerman@eeoc.gov
PA 205774

ATTORNEYS FOR PLAINTIFF

10

JS 44 (Rev 06-17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM )*

## I. (a) PLAINTIFFS

U S Equal Employment Opportunity Commission

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U S PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joshua E Zugerman, U S EEOC
801 Market Street, Suite 1300, Philadelphia, PA 19107
(237) 589-9763

## DEFENDANTS

Sikorsky Aircraft Corporation, d/b/a Sikorsky Global Helicopters

County of Residence of First Listed Defendant   Chester County
*(IN U S PLAINTIFF CASES ONLY)*

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U S Government Plaintiff
- ☐ 2 U S Government Defendant
- ☐ 3 Federal Question *(U S Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
42 U S C § 2000e, 42 U S C § 1981a
Brief description of cause
Race discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R C v P

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE
09/30/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Joshua E. Zugerman

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

SEP 30 2019

PBT                                                                                    19-4514

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff   U.S. EEOC, Philadelphia District Office, 801 Market St., Suite 1300, Philadelphia, PA 19107

Address of Defendant.   Sikorsky Aircraft Corporation, 110 Stewart-Huston Dr., Coatesville, PA 19320

Place of Accident, Incident or Transaction.                    Chester County, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number _____ Judge _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4   Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE   09/30/2019               *Must sign here*                          205774
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I D # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A**   *Federal Question Cases:*

- ☐ 1  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2  FELA
- ☐ 3  Jones Act-Personal Injury
- ☐ 4  Antitrust
- ☐ 5  Patent
- ☐ 6  Labor-Management Relations
- ☑ 7  Civil Rights
- ☐ 8  Habeas Corpus
- ☐ 9  Securities Act(s) Cases
- ☐ 10  Social Security Review Cases
- ☐ 11  All other Federal Question Cases
     *(Please specify)*

**B**   *Diversity Jurisdiction Cases:*

- ☐ 1  Insurance Contract and Other Contracts
- ☐ 2  Airplane Personal Injury
- ☐ 3  Assault, Defamation
- ☐ 4  Marine Personal Injury
- ☐ 5  Motor Vehicle Personal Injury
- ☐ 6  Other Personal Injury *(Please specify)*
- ☐ 7  Products Liability
- ☐ 8  Products Liability – Asbestos
- ☐ 9  All other Diversity Cases
     *(Please specify)*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I,   Joshua E. Zugerman                  , counsel of record *or pro se plaintiff*, do hereby certify

☐  Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☑  Relief other than monetary damages is sought

DATE  09/30/2019                 *Sign here if applicable*                      205774
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

SEP 30 2019

PBT

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

U.S. Equal Employment Opportunity
Commission
         v.
Sikorksy Aircraft Corporation, d/b/a
Sikorsky Global Helicopters

:
:
:
:
:
:

CIVIL ACTION

NO. **19-4514**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U S.C § 2241 through § 2255       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.       ( )

(c) Arbitration · · Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.       ( )

(e) Special Management · Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases )

(f) Standard Management   Cases that do not fall into any one of the other tracks    ( X )

| | | U.S. Equal Employment Opportuity Commission |
|---|---|---|
| 9/30/2019 | Joshua E. Zugerman | |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-589-9763 | 215-440-5848 | joshua.zugerman@eeoc.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**SEP 30 2019**

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)       The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)       In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned

(c)       The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)       Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction

(e)       Nothing in this Plan is intended to supersede Local Civil Rules 40 1 and 72 1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985  This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual  Cases may require special or intense management by the court due to one or more of the following factors. (1) large number of parties; (2) large number of claims or defenses, (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence, (6) extensive discovery, (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership, cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters, actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions, and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.